UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIPHANNAY SOTHARY BURNES,<br>Plaintiff,<br>v.<br>MELANIE CHAVEZ, et al.,<br>Defendants. | Case No. 19-CV-03420-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 21 |

Plaintiff Siphannay Sothary Burnes ("Plaintiff") brings this action against California State University of Monterey Bay and a number of the university's employees: Britt Rios-Ellis, Ed Ochoa, Christopher Forest, Melanie Chavez, Daramola Cabral, Karen Rotabi, and Wendy Smith (collectively, "Defendants"). Defendants filed a motion to dismiss. ECF No. 21. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss without prejudice.

**I.  BACKGROUND**

Plaintiff is a resident of Monterey County, California, and a former employee of Defendant California State University of Monterey Bay. ECF No. 8 ("FAC") ¶ 16, 17. Plaintiff alleges that, shortly after Defendant Forest joined her team as a program director, Forest sexually harassed

1
Case No. 19-CV-03420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff by blocking Plaintiff from leaving Plaintiff's office and subjecting Plaintiff to a nonconsensual and overtly sexual embrace. *Id.* ¶ 28. Plaintiff alleges that, after she reported this harassment and through November 2018, Defendants conspired and subjected Plaintiff to an ongoing pattern of discrimination and retaliation. *Id.* ¶¶ 29–30.

Plaintiff filed the instant case on June 14, 2019. ECF No. 1 ("Compl."). On July 17, 2019, Plaintiff filed an amended complaint (the "First Amended Complaint"). ECF No. 8 ("FAC"). In the First Amended Complaint, plaintiff asserted twelve claims for relief: (1) "Gender Discrimination and Sexual Harassment," in violation of Title VII of the Civil Rights Act and the California Unruh Civil Rights Act; (2) "Retaliation," in violation of Title VII of the Civil Rights Act and the California Fair Employment and Housing Act; (3) "Sexual Harassment and Sexual/Physical Assault," in violation of Cal. Civil Code section 51.9; (4) false imprisonment, in violation of Cal. Penal Code section 236; (5) intentional infliction of emotional distress; (6) "civil conspiracy"; (7) negligence per se; (8) general negligence; (9) negligent hiring; (10) negligent retention; (11) negligent training; and (12) negligent supervision. Although the First Amended Complaint purports to include thirteen claims, it appears Plaintiff inadvertently omitted the "Tenth Claim for Relief." See FAC at 45; Mot. at 8 n.1.

On December 2, 2019, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint. ECF No. 21. On January 27, 2020, Plaintiff filed an opposition. ECF No. 24. On March 5, 2020, Defendants filed a reply. ECF No. 28.

Both parties filed requests for judicial notice in support of their briefing. Specifically, Defendant requested that the Court judicially notice state court and administrative agency records related to Plaintiff's pursuit of her claims. *See* ECF No. 21-1. Similarly, Plaintiff requested that the Court judicially notice additional state court records, as well as records pertaining to Plaintiff's government tort claims forms. ECF No. 25. Court filings may properly be judicially noticed. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Records of state agencies are also appropriate subjects of judicial notice. *See U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports

2

of administrative bodies.") (internal quotation marks and citation omitted). However, a court may not take judicial notice of the veracity of any arguments or facts presented in the documents subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.2001) (explaining that a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein).[1] Accordingly, the Court GRANTS both parties' requests for judicial notice.

Finally, on April 20, 2020, Plaintiff filed a motion to reopen briefing on the instant motion to dismiss. ECF No. 38 ("Mot. to Reopen"). Plaintiff's request is based primarily upon a newly obtained right-to-sue letter. *Id.* at 1–2. On April 22, 2020, Defendants filed an opposition, in which Defendants argue that no new briefing would be necessary. ECF No. 40. Although the Court agrees with Defendants that the Court can decide the relevant issues presented without further briefing, the Court instead construes Plaintiff's motion as a request for judicial notice of the newly attached state and federal administrative records. As explained above, these administrative records are the proper subject of judicial notice. Thus, construing Plaintiff's motion as a request for judicial notice, the Court GRANTS Plaintiff's request. *See, e.g.*, *Adetuyi v. City & County of San Francisco*, 63 F. Supp. 3d 1073, 1081 (N.D. Cal. 2014) ("Judicial notice of [the plaintiff's] EEOC Intake Questionnaire and DFEH Charge, the EEOC and DFEH letters indicating receipt of his intake questionnaire and charge of discrimination, and the DFEH right-to-sue letter is also proper.").

As with the other records judicially noticed by the Court, the Court may not generally accept the truth of the facts recited in those records. *See Lee*, 250 F.3d at 690. However, as the Ninth Circuit has explained, the Court may properly notice the *filing dates* in these administrative records because the dates "can be accurately and readily determined from" the documents. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018). The Court judicially notices

---

[1] Defendants object to Plaintiff's request for judicial notice of transcripts from Plaintiff's state court proceedings on the grounds that the Court may not accept the truth of the state court judge's statements. Reply at 12–13. As explained, the Court does not judicially notice Plaintiff's court records for the truth of the facts therein, and the Court thus OVERRULES Defendants' objection.

3

Case No. 19-CV-03420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

the filing dates of the documents included in Plaintiff's motion to reopen.  *See* ECF Nos. 38, 39.

## II.     LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Plaintiff asserts twelve claims for relief against Defendants, and Defendants move to dismiss all twelve claims. *See* Mot. at 3.

Plaintiff's twelve claims are all based in part or in whole on state law causes of action and allege state civil rights violations and various state law torts. *Id.* ¶¶ 90–165. The Court refers to these claims, to the extent that they are based on state law, collectively as the "state law claims."

Plaintiff's first and second claims also include federal causes of action, which are both based on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2, 2000e-3. FAC ¶¶ 84–89. The Court refers to these claims based on Title VII as the "Title VII claims."

The Court first discusses Plaintiff's Title VII claims then discusses Plaintiff's state law claims.

#### A. Title VII Claims

Plaintiff alleges two Title VII claims: Claim One for "Gender Discrimination and Sexual Harassment," *id.* ¶¶ 84–89; and Claim Two for "Retaliation," *id.* ¶¶ 90–94. Defendants argue that the Court should dismiss Plaintiff's Title VII claims because Plaintiff failed to timely exhaust her administrative remedies. Mot. at 6–7. The Court agrees.

Below, the Court first sets forth the administrative exhaustion framework under Title VII,

5
Case No. 19-CV-03420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

before turning to Plaintiff's claims specifically.

**1. Administrative Exhaustion Under Title VII**

"Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on the basis of race, color, religion, sex, or national origin . . . [and] prohibits retaliation against persons who assert rights under the statute." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1846 (2019) (citing 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a)). However, "[i]n order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001)).

In order to properly exhaust administrative remedies, a plaintiff must ordinarily file a charge with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). However, if a plaintiff initially institutes a proceeding with a state or local agency with authority to grant relief from the allegedly unlawful employment practice, that plaintiff must file a charge with the EEOC within either (1) "three hundred days after the alleged unlawful employment practice occurred" or (2) "thirty days after receiving notice that the state or local agency has terminated the proceedings under the State or local law, whichever is earlier." *Id.* Moreover, in cases where a state or local agency does have jurisdiction, Title VII requires "the complainant to file her charge *first* with the state or local agency" before filing with the EEOC. *See Fort Bend County*, 139 S. Ct. at 1846 (emphasis added) (citing 42 U.S.C. § 2000e–5(c)).

The United States Supreme Court has held that "the failure to file a timely EEOC administrative complaint is not a jurisdictional prerequisite to a Title VII claim," but rather is "merely a statutory requirement." *Sommatino*, 255 F.3d at 708 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, because administrative exhaustion is a statutory requirement, district courts have repeatedly held that a plaintiff "must allege compliance with [this mandatory processing rule] . . . in order to state a claim on which relief may be granted." *See, e.g.*, *dela Cruz v. Brennan*, No. 19-CV-01140-DMR, 2020 WL 1233886, at *4 (N.D. Cal. Mar. 13, 2020) (quoting *Williams v. Wolf*, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019));

6
Case No. 19-CV-03420-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

*Cloud v. Brennan*, No. 19-CV-04638-TSH, 2020 WL 533003, at *7 (N.D. Cal. Feb. 3, 2020).

### 2. Plaintiff's Failure to Timely Exhaust

Below, the Court finds that dismissal of Plaintiff's Title VII claims is warranted because Plaintiff failed to exhaust her administrative remedies.

Plaintiff initially filed her complaint on June 14, 2019. *See* Compl. On July 17, 2019, Plaintiff filed the First Amended Complaint, which is the operative complaint for purposes of the instant motion. Neither Plaintiff's initial complaint nor the operative First Amended Complaint alleges that Plaintiff exhausted her administrative remedies as required by Title VII. *See* Compl. ¶¶ 64–76; FAC ¶¶ 84–94. In fact, Plaintiff's initial complaint and First Amended Complaint fail to even mention the administrative exhaustion requirement or allege that Plaintiff had even filed a claim with the EEOC prior to filing the instant action on June 14, 2019. *See id.*

Notwithstanding Plaintiff's silence on this issue in her pleadings, Plaintiff's January 27, 2020 opposition to the instant motion to dismiss quizzically argues, without citation, that "in this case the plaintiff *did* file complaints with the EEOC and [the state Department of Employment and Fair Housing] and did receive a right-to-sue letter, which was submitted along with the complaint." Opp'n at 10. Presumably, Plaintiff is referring to the operative July 17, 2019 First Amended Complaint. However, no such letter was submitted with the First Amended Complaint, or even with the June 14, 2019 initial complaint. *See* Compl.; FAC. As mentioned, neither of these pleadings mention exhaustion. *See id.* By failing to allege that Plaintiff satisfied Title VII's exhaustion requirement, Plaintiff has failed to state a Title VII claim upon which relief can be granted. *See, e.g.*, *dela Cruz*, 2020 WL 1233886, at *4.

Plaintiff's ever-shifting position on whether Plaintiff timely submitted her claim to the EEOC reveals additional deficiencies with her Title VII claims. For example, although Plaintiff argues in her January 27, 2020 opposition to the instant motion that Plaintiff had already received a right-to-sue letter and had attached that letter to her complaint, Plaintiff then goes on to suggest that Plaintiff may first pursue non-statutory remedies and then amend her complaint later upon properly obtaining a right-to-sue letter. *See* Opp'n at 10–11. The Court fails to see why Plaintiff

7

would need to obtain a right-to-sue letter later after pursuing her non-statutory remedies if Plaintiff had already received a right-to-sue letter before filing the instant action.

In a similar fashion, Plaintiff's April 20, 2020 motion to reopen submits documentation that explicitly contradicts Plaintiff's claim that Plaintiff had timely obtained a right-to-sue letter and attached that letter to her complaint. Specifically, Plaintiff now claims, "As has been said in the previous briefing by Plaintiff in this matter, the right to sue was granted by the EEOC and California's parallel offices but we didn't and couldn't obtain the formal letter. That letter has now been obtained . . . ." Mot. to Reopen at 1–2. Far from having "been said in the previous briefing," Plaintiff had previously insisted quite the opposite: that she already obtained a right-to-sue letter and had attached that letter to her complaint. *See* Opp'n at 10.

Furthermore, Plaintiff's April 20, 2020 motion to reopen documentation does not include any right-to-sue letter from the EEOC or any documentation that shows that Plaintiff may proceed at this time with her Title VII claims. Instead, Plaintiff's documentation shows that she dually filed a charge with the EEOC and the California Department of Fair Employment & Housing ("DFEH") on March 13, 2020. ECF No. 38 at 10. As discussed above, Title VII required Plaintiff to file with DFEH before Plaintiff could file with the EEOC. *See* 42 U.S.C. § 2000e–5(c). On April 20, 2020, Plaintiff filed with the Court a right-to-sue notice from the DFEH, not the EEOC, that gives Plaintiff the right to bring a civil action in California Superior Court "under the provisions of [California's] Fair Employment and Housing Act." *Id.* Plaintiff has not filed any right-to-sue letter from the EEOC that would allow her to proceed on her Title VII claims. In fact, the EEOC "Request for Notice of Right to Sue" that Plaintiff filed indicates that the request will take at least 180 days from the March 13, 2020 filing date. ECF No. 38 at 11.

Even more egregiously, Plaintiff's April 20, 2020 documentation shows that Plaintiff had not filed claims with the respective agencies when Plaintiff's January 27, 2020 opposition alleged that Plaintiff had already received a right-to-sue letter and that Plaintiff had attached that letter to her complaint. *See* Opp'n at 10.

Unsurprisingly, Plaintiff has repeatedly avoided identifying when she first filed a claim

with the EEOC and the DFEH.  As discussed above, Title VII required Plaintiff to file with DFEH before she could file with the EEOC.  *See* 42 U.S.C. § 2000e–5(c).  However, Plaintiff's filings with the EEOC and the DFEH are dated March 13, 2020.  *See* ECF No. 38 at 10, 11.  These documents thus indicate that Plaintiff filed her claims with the EEOC and DFEH *after* her January 27, 2020 opposition, in which Plaintiff claimed to have already received a right-to-sue letter and to have attached that letter to her complaint.  Most problematically for Plaintiff, because Plaintiff has acknowledged that "the last known injury . . . occurred in November of 2018," Opp'n at 11; FAC ¶¶ 72–83, her March 13, 2020 claim with the EEOC was also filed well after Title VII's 300-day claim limitations period, which expired in September 2019.  *See* 42 U.S.C. § 2000e-5(e)(1).

Plaintiff attempts to get around this result by filing a declaration with her April 20, 2020 motion to reopen, in which Plaintiff states that she initially sent a signed charge of discrimination to the EEOC in February 2019.  *See* ECF No. 38-1 ("Burnes Decl.") ¶ 5.  Notwithstanding the fact that this allegation was not pleaded in Plaintiff's June 14, 2019 initial complaint or July 17, 2019 First Amended Complaint and that this allegation is not properly before the Court, Plaintiff does not explain why she never followed-up and why the charge was not officially lodged with the EEOC until March 2020.  *See id.*  In any event, Plaintiff *could not* have properly filed her charge in February 2019.  As the United States Supreme Court has explained, Title VII requires "the complainant to file her charge *first* with the state or local agency" before she may file with the EEOC.  *See Fort Bend County*, 139 S. Ct. at 1846 (emphasis added) (citing 42 U.S.C. § 2000e–5(c)).  The DEFH right-to-sue letter that Plaintiff filed on April 20, 2020—and that the Court has judicially noticed—shows that Plaintiff first dually filed with the DEFH and EEOC on March 13, 2020.  *See* ECF No. 38 at 10.  As explained above, Plaintiff's last-known injury was in November 2018, and thus under Title VII, any claim would have to be presented to the EEOC by no later than September 2019.  Plaintiff's March 13, 2020 claim was clearly untimely.

Finally, Plaintiff's explanation for the untimely filing does not constitute a legitimate excuse for failing to satisfy the administrative exhaustion requirement.  Plaintiff claims that "Plaintiff's counsel's paralegal came down with the virus just before the beginning of the

quarintine [sic] orders. In effect, the law office was shut down for a period of over a month." Mot. to Reopen at 1. However, as explained above, Plaintiff's claim must have been filed with the EEOC by no later than September 2019, and Plaintiff must have first filed with the DFEH. Although the Court is sympathetic to Plaintiff's counsel's paralegal, the first COVID-19 quarantine order in Monterrey, California, where Plaintiff's counsel's law office is located, was issued on March 17, 2020.[2] The paralegal's illness in February or March 2020 cannot explain Plaintiff's failure to timely exhaust by September 2019 and cannot explain Plaintiff's repeated misstatements throughout Plaintiff's filings regarding Plaintiff's alleged administrative exhaustion.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's Title VII claims, which Plaintiff includes as part of Claims One and Two, for failure to administratively exhaust. The Court is disturbed by Plaintiff's contradictory allegations and believes that amendment is likely futile. Nonetheless, the Court cannot conclusively determine that amendment would be futile and thus grants Plaintiff an opportunity to amend. Because the Court reluctantly finds that amendment would not be futile, cause undue delay, or unduly prejudice Defendants, and Plaintiffs have not acted in bad faith, the Court grants Defendant's motion to dismiss without prejudice and grants Plaintiff leave to amend. *See Leadsinger*, 512 F.3d at 532. However, if Plaintiff's amendment does not cure the deficiencies and disturbing inconsistencies identified herein and in Defendants' motion to dismiss, the Court will dismiss Plaintiff's Title VII claims with prejudice.

**B. State Law Claims**

Plaintiff also brings state law causes of action in each of her twelve claims. Plaintiff's sole basis for jurisdiction over the state law claims is supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a). For the reasons set forth below, the Court declines to exercise supplemental jurisdiction over these claims.

---

[2] *See, e.g.*, County of Monterey Health Department, *Order of the Health Officer of the County of Monterey* (Mar. 17, 2020), https://www.co.monterey.ca.us/home/showdocument?id=87957.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937–38 (9th Cir. 2003) (as amended) (holding that § 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

Here, as discussed above, Plaintiff has failed to plead a viable federal cause of action. The factors of economy, convenience, fairness, and comity support dismissal of Plaintiff's remaining state law claims. This case is still at the pleading stage. The parties have not even exchanged initial disclosures. ECF No. 34 at 4. Federal judicial resources would be conserved by dismissing the state law claims at this stage. Moreover, the Court finds that dismissal promotes comity as it enables California state courts to interpret questions of state law. Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and GRANTS Defendant's motion to dismiss Plaintiff's state law claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss without prejudice. Plaintiff shall file an amended complaint, if any, within 21 days of this Order. Plaintiff may not add new causes of action or add new parties without stipulation or leave of the Court.

1  Failure to file an amended complaint within 21 days, or failure to cure the deficiencies and
2  inconsistencies identified herein or in Defendants' motion to dismiss, will result in dismissal of the
3  deficient claims with prejudice.  Alternatively, if Plaintiff no longer wishes to pursue her Title VII
4  claims, Plaintiff may proceed to file her state law claims in state court.  If Plaintiff chooses to file
5  an amended complaint in federal court within 21 days, Plaintiff must file a redlined complaint
6  comparing the First Amended Complaint to any amended complaint as an attachment to Plaintiffs'
7  amended complaint.

**IT IS SO ORDERED.**

Dated:

                                                                                     LUCY H. KOH
                                                                                     United States District Judge